## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 20 2020, 8:27 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark D. Altenhof
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adam Sims,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 20, 2020

Court of Appeals Case No.
19A-CR-2932

Appeal from the Elkhart Superior Court

The Honorable Kristine A. Osterday, Judge

Trial Court Cause No.
20D01-1909-F5-216

**Bailey, Judge.**

[1] Adam Sims ("Sims") was convicted of Domestic Battery, as a Level 5 felony.[1] Pursuant to Indiana Code Section 35-38-1-7.7, the trial court determined that Sims had committed a crime of domestic violence and it advised Sims of the consequences of that determination. In its oral advisement, the court stated in pertinent part as follows: "I will make a domestic violence determination which for you means that you may not possess firearms, ammunition **or deadly weapons**." Tr. Vol. 2 at 181 (emphasis added). In its subsequent written order, the court advised Sims that he "shall lose the right to possess a firearm" and that "possession of a firearm or ammunition may constitute a separate crime[.]" App. Vol. 2 at 171. The written order does not mention "deadly weapons."

[2] Sims now appeals. He acknowledges that "sufficient evidence exists to sustain a conviction[], the sentence [is] not inappropriate, and no real substantive or procedural issues exist." Br. of Appellant at 4 n.1. Moreover, Sims does not dispute that he is prohibited from possessing a firearm and ammunition due to the trial court's determination that he had committed a crime of domestic violence.[2] Rather, the focus of the appeal is whether the trial court erred by orally advising that Sims was prohibited from possessing deadly weapons. Sims

[1] Ind. Code § 35-42-2-1.3(a)(1), (c)(4)(A) (2018).

[2] In stating the issue and summarizing his argument, Sims asserts that the court erred by advising that he could not possess ammunition. However, Sims abandons this assertion in his argument section, focusing only on deadly weapons. We therefore do not address the propriety of ammunition-related advisements.

argues that the trial court misstated the consequences of its determination and he asks that we remand so that the court "can properly advise him[.]" *Id.* at 7.

[3]     The State agrees that the trial court orally misstated the law. According to the State, the court's "misstatement including deadly weapons as prohibited under the domestic violence determination is harmless because that terminology was not included in any of the trial court's written orders." Br. of Appellee at 8.

[4]     Rather than remand or hold any error harmless, we elect to resolve the asserted ambiguity. *See* Ind. Appellate Rule 66(C)(1) (permitting this Court to grant "any . . . appropriate relief"). We hereby advise Sims that, although a court's domestic-violence determination results in a prohibition on possessing a firearm, *see, e.g.*, I.C. § 35-47-4-7(a)—and a firearm is included in the statutory definition of "deadly weapon," *see* I.C. § 35-31.5-2-86(a)(1)—the determination does not result in a prohibition on possessing other deadly weapons. Therefore, Sims is bound by the terms of the written order, which we affirm in all respects.

Vaidik, J., and Baker, S.J., concur.